EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Marian J. Rodríguez Dilán<br><br>Recurrida<br><br>v.<br><br>Guacoso Auto Corp.<br><br>Peticionario | Certiorari<br><br>2005 TSPR 182<br><br>166 DPR \_\_\_\_ |

Número del Caso: AC-2004-33

Fecha: 5 de diciembre de 2005

Tribunal de Apelaciones:

    Región Judicial de San Juan-Panel II

Juez Ponente:

    Hon. Mildred G. Pabón Charneco

Abogado de la Parte Peticionaria:

    Lcdo. Arsenio Marín Serrano

Abogado del Departamento de Asuntos del Consumidor:

    Lcdo. José A. Maisonet Trinidad

Materia: Compraventa de Automóvil


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marian J. Rodríguez Dilán

      Recurrida

        v.

Guacoso Auto Corp.                  AC-2004-33

      Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 5 de diciembre de 2005.

I

El 28 de octubre de 2002, la señora Marian J. Rodríguez Dilán adquirió de Guacoso Auto Corp., en adelante Guacoso Auto, un vehículo de motor usado marca Volkswagen, modelo Golf del año 1987 y tablilla BBU-946. La señora Rodríguez Dilán pagó la cantidad de dos mil doscientos cincuenta ($2,250.00) dólares por el mismo.

El 23 de junio de 2003, la Policía de Puerto Rico detuvo al hermano de la señora Rodríguez Dilán, Alex Rodríguez, mientras conducía el vehículo antes descrito, por la Carretera Número 177 del municipio de Guaynabo. Tras detenerlo,

procedió a verificar el vehículo y se percató que a la placa de identificación le faltaba un remache, y el número de serie del vehículo no concordaba con el que aparecía en el motor. Por esta razón, procedió a llevarse el vehículo al cuartel de Carolina.

El 30 de julio de 2003, la Junta de Confiscaciones del Departamento de Justicia del Estado Libre Asociado de Puerto Rico envió una carta a la señora Rodríguez Dilán, notificándole la confiscación del vehículo en controversia por tener los números de identificación removidos, alterados o destruidos. Le notificó, además, que podía impugnar la confiscación del vehículo mediante demanda ante el Tribunal de Primera Instancia de Puerto Rico, Sala Superior. La demanda de impugnación de confiscación no fue presentada.

El 18 de agosto de 2003, en el Tribunal de Primera Instancia, Sala de San Juan, se celebró la vista de determinación de causa probable para arresto contra Axel Rodríguez, hermano de la compradora, quien poseía el vehículo de motor al momento de la confiscación. Se determinó que no había causa probable para su arresto.

Así las cosas, el 9 de septiembre de 2003, la señora Rodríguez Dilán presentó ante el Departamento de Asuntos del Consumidor, en adelante D.A.C.O., una querella contra Guacoso Auto porque le habían confiscado el vehículo comprado. Solicitó la devolución del dinero pagado por el vehículo. El 15 de diciembre de 2003, D.A.C.O emitió

Resolución al respecto. Determinó que en virtud de los artículos 1363 y 1364 del Código Civil[1], el vendedor tenía que responderle al comprador por la posesión legal y pacífica de la cosa vendida y quedó sujeto a la obligación legal de saneamiento por evicción. Decretó la resolución del contrato de compraventa entre las partes. Dictaminó que procedía la devolución recíproca de las prestaciones por las partes. Ordenó a Guacoso Auto, le devolviese a la querellante el dinero pagado por el vehículo y a ésta, la devolución del auto.[2]

Inconforme, el 14 de abril de 2004, Guacoso Auto presentó recurso de revisión en el Tribunal de Apelaciones. Alegó que los hechos de este caso demuestran que estamos ante la figura de una acción redhibitoria o de saneamiento por vicios ocultos y no ante la acción de saneamiento por evicción, por lo que la acción fue presentada fuera del término que establece la ley.

El Tribunal de Apelaciones denegó la expedición del auto de revisión solicitado por Guacoso Auto. Formuló sus fundamentos para sostener tal curso de acción. Determinó que la doctrina de saneamiento, ya fuese en su modalidad de evicción o vicios ocultos, no era de aplicación al caso de autos. Señaló que debido a que el vehículo en controversia

_____

[1] 31 L.P.R.A. secs. 3831 y 3832.

[2] Todos los hechos del caso, aquí relatados, surgen del Apéndice del recurso de Certiorari, Resolución del D.A.C.O., de 15 de diciembre de 2003.

fue confiscado, por los motivos antes señalados, el contrato de compraventa otorgado entre las partes era sobre un objeto que estaba fuera del comercio entre los hombres, contrario a lo que establece el artículo 1223 del Código Civil[3]. Puntualizó que el objeto de un contrato puede ser cualquier cosa que no esté fuera del comercio de los hombres. De no cumplirse con este requisito, entendió, existiría en el contrato un defecto sobre su objeto y por consiguiente produciría la nulidad del contrato.[4] Concluyó que debido a que el vehículo no podía ser objeto del contrato de compraventa, procedía la nulidad del mismo y así la devolución recíproca de las prestaciones. Por lo tanto, confirmó la orden del D.A.C.O. de que las partes se devolviesen recíprocamente las prestaciones.

Entendiendo que el Tribunal de Apelaciones erró al denegar el recurso de revisión, Guacoso Auto acude ante nos mediante recurso de apelación, presentado el 21 de junio de 2004. El mismo fue acogido como *certiorari*. **Señaló que el Tribunal de Apelaciones erró al denegar la expedición del auto de revisión solicitado, y al concluir que el contrato celebrado entre las partes era nulo.**[5]

---

[3] 31 L.P.R.A. sec. 3421.

[4] Apéndice del recurso de <u>Certiorari</u>, Resolución del Tribunal de Apelaciones, pág. 9.

[5] Apéndice del recurso de <u>Certiorari</u>, Recurso de Apelación, presentado el 21 de junio de 2004.

II

El D.A.C.O. fue creado con el propósito primordial de **vindicar e implementar los derechos del consumidor.**[6] Entre los poderes y facultades otorgadas al Secretario del D.A.C.O., se encuentra el de interponer cualquier remedio legal que sea necesario para hacer efectivos los propósitos de la ley creadora de dicha agencia administrativa.[7] De igual forma, el Secretario del D.A.C.O. tiene el poder de **atender, investigar y resolver las querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía, y de <u>conceder los remedios pertinentes conforme a derecho</u>.**[8]

En virtud de la Ley de Garantías de Vehículos de Motor, Ley Núm. 7 de 24 de septiembre de 1979[9], el D.A.C.O. adoptó el Reglamento de Garantías de Vehículos de Motor[10], entre otras cosas, para asegurarle a todo consumidor que adquiera un vehículo de motor en Puerto Rico, que el mismo sirva los propósitos para los que fue adquirido, y que reúna las

---

[6] Art. 3 de la Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973 (3 L.P.R.A. sec. 341b).

[7] Íd., secs. 341b y 341 e.

[8] Íd., sec. 341i-1; <u>Domínguez v. Caguas Expressway Motors</u>, 148 D.P.R. 387 (1999).

[9] 10 L.P.R.A. secs. 2051 et seq.

[10] Reglamento de Garantías de Vehículos de Motor Núm. 4797, Departamento de Asuntos del Consumidor, 30 de septiembre de 1992.

condiciones mínimas necesarias para garantizar la protección de su vida y propiedad. [11] Además, también tiene como finalidad, prevenir las prácticas ilícitas en la venta de vehículos de motor. [12] Por otro lado, el artículo 34 de este Reglamento preceptúa que **nada de lo dispuesto en el mismo, limita el derecho del consumidor a ejercer cualquier acción que le reconozcan las leyes del Estado Libre Asociado de Puerto Rico, que incluye la acción de saneamiento por evicción**, saneamiento por vicios ocultos y la redhibitoria que reconoce el Código Civil para los contratos de compraventa. [13] Las determinaciones del D.A.C.O. relacionadas a estos asuntos deben estar en armonía con las disposiciones pertinentes del Código Civil y de la jurisprudencia interpretativa a las mismas. [14] El D.A.C.O, en su deber de velar por la protección de los consumidores, debe evaluar las acciones de saneamiento, presentadas ante si, ya sea por evicción o vicios ocultos, conforme al Código Civil y su jurisprudencia, leyes especiales y sus propios reglamentos.

III

---

[11] Íd., art. 2; <u>Polanco v. Cacique Motors</u>, 2005 T.S.P.R. 96, 2005 J.T.S. 101, 165 D.P.R.___ (2005).

[12] Íd.

[13] <u>Polanco López v. Cacique Motors</u>, *supra*; <u>Pérez Vélez v. VHP Motor Corp.</u>, 152 D.P.R. 475 (2000); Reglamento de Garantías de Vehículos de Motor, *supra*, art. 34.

[14] Íd.

En un contrato de compraventa, el vendedor está obligado a la entrega y al saneamiento de la cosa vendida.[15] En virtud de la obligación del saneamiento, el vendedor responderá al comprador: (1) de la **posesión legal y pacífica de la cosa vendida**, y (2) de los vicios o defectos ocultos que tuviere ésta.[16] La obligación de saneamiento existe en el caso de evicción de la cosa vendida y de los vicios ocultos de la misma.

Evicción quiere decir vencer en juicio y significa, en este contexto, la pérdida de un derecho como consecuencia de una sentencia judicial.[17] La garantía por evicción, que asegura la posesión pacífica de la cosa, evita que el disfrute del comprador sea perturbado por causas jurídicas.[18] El artículo 1364 del Código Civil establece cuándo tendrá lugar la evicción y lee de la forma siguiente:

> **Tendrá lugar la evicción cuando se prive al comprador, por *sentencia firme y a virtud de un derecho anterior* a la compra, de todo o parte de la cosa comprada.**
> El vendedor responderá de la evicción aunque nada se haya expresado en el contrato.
> Los contratantes, sin embargo, podrán aumentar, disminuir o suprimir esta obligación legal del vendedor.[19] (Énfasis suplido)

---

[15] 31 L.P.R.A. sec. 3801.

[16] 31 L.P.R.A. sec. 3831.

[17] Ferrer v. General Motors Corp., 100 D.P.R. 246 (1971).

[18] J. Castán Tobeñas, Derecho Civil español, común y foral, 15ta ed., Madrid, Ed. Reus, 1993, T.4, pág. 121.

[19] 31 L.P.R.A. sec. 3832.

En cuanto al requisito de "sentencia firme", para que pueda exigirse el saneamiento por evicción, este Tribunal resolvió en Rosado v. E.L.A.[20] que la confiscación de la cosa objeto del contrato, realizada por la Policía, tiene la consecuencia práctica de una sentencia determinante en cuanto a la pérdida de la cosa adquirida. En el referido caso, el comprador fue desposeído mediante un acto de autoridad del Estado, entiéndase un acto de confiscación.

De realizarse la evicción, según el artículo 1367 del Código Civil, el comprador tendrá derecho a exigir del vendedor lo siguiente:

> (........)
> (1) La restitución del precio que tuviere la cosa vendida al tiempo de la evicción, ya sea mayor o menor que el de la venta.
> (2) Los frutos o rendimientos, si se le hubiere condenado a entregarlos al que le haya vencido en juicio.
> (3) Las costas del pleito que haya motivado la evicción y en su caso las del seguido con el vendedor para el saneamiento.
> (4) Los gastos del contrato, si los hubiese pagado el comprador.
> (5) Los daños e intereses y los gastos voluntarios o de puro recreo u ornato, si se vendió de mala fe.[21]

IV

La señora Rodríguez Dilán fue privada del vehículo de motor comprado, a causa de una confiscación por parte del Estado. La confiscación, para efectos de la evicción, tiene carácter de una sentencia determinante y firme. Además,

---

[20] 111 D.P.R. 109 (1981).

[21] 31 L.P.R.A. sec. 3835.

según la apreciación de la prueba hecha por el D.A.C.O., la evicción tuvo lugar en virtud de un derecho anterior a la compra. El vehículo fue confiscado debido a que su número de identificación o de serie no concordaba con el que aparecía en el motor, ya que había sido alterado o mutilado. Tal alteración del número de serie de un vehículo de motor constituye un acto ilegal por el cual la Policía de Puerto Rico, facultada en ley, puede confiscar el vehículo.[22] Según la apreciación de la prueba realizada por el D.A.C.O., la situación que ocasionó la confiscación existía con anterioridad a la compra, ocasionándole así a la señora Rodríguez Dilán la perturbación del disfrute y la posesión legal y pacífica del vehículo de motor adquirido.

Además, es norma conocida que las determinaciones de las agencias administrativas merecen la mayor deferencia judicial y tienen una presunción de corrección.[23] Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[24] Los tribunales deben indagar sobre la razonabilidad de la decisión administrativa y no deben sustituir el criterio de dicho organismo por el suyo propio.

---

[22] Véase: Artículo 2.43 de la "Ley de Vehículos y Tránsito", Ley Núm. 22 de 7 de enero de 2000. (9 L.P.R.A. sec. 5044m), Artículo 2 de la "Ley Uniforme de Confiscaciones de 1988", Ley Núm. 93 de 13 de julio de 1988. (34 L.P.R.A. sec. 1723a).

[23] Otero et al. v. Toyota, 2005 T.S.P.R. 8, 2005 J.T.S. 13, 163 D.P.R.____ (2005).

[24] Íd., Rebollo Vda. de Liceaga v. Yiyi Motors, 2004 T.S.P.R. 2, 2004 J.T.S. 4, 161 D.P.R.____ (2004).

Tampoco deben interferir con sus determinaciones, a menos que no estén sostenidas por evidencia sustancial o la actuación administrativa sea arbitraria o irrazonable.[25] En este caso le impartimos deferencia a la apreciación de la prueba y determinaciones de la agencia.

El Tribunal de Apelaciones erró al concluir que al caso de autos no le era aplicable la doctrina de saneamiento por evicción, sino que lo que procedente era la nulidad del contrato y por consiguiente la devolución recíproca de las prestaciones. El D.A.C.O., correctamente, aplicó la doctrina de saneamiento por evicción. No obstante, erró al ordenar que se le restituyera a la señora Rodríguez Dilán la cantidad pagada por la compra del vehículo, una vez ésta devolviera el auto confiscado a Guacoso Auto. En un caso de saneamiento por evicción, la devolución recíproca de las prestaciones no es posible. El vehículo de motor fue confiscado por la Policía, razón por la cual la señora Rodríguez Dilán no podía disponer de él, pues estaba en posesión del Estado. Concluimos que es obligación legal del vendedor, Guacoso Auto, el sanear por razón de la evicción de la cosa comprada. La compradora tenía derecho a reclamar lo dispuesto en el artículo 1367 del Código Civil, *supra*. Se limitó a solicitar la devolución del dinero por ella pagado

---

[25] <u>Polanco López v. Cacique Motors</u>, *supra*; <u>Otero et al. v. Toyota</u>, *supra*; <u>O.E.G. v. Rodríguez y otros</u>; 2003 T.S.P.R. 48, 2003 J.T.S. 51; 159 D.P.R.___ (2003); <u>Pérez Vélez v. VHP Motor Corp.</u>, *supra*.

por el vehículo.   El D.A.C.O. se lo concedió. No tenemos porqué intervenir con tal determinación.


                                    V

     Por los fundamentos expuestos, confirmamos al Tribunal de Apelaciones en cuanto a su denegatoria del auto solicitado y al D.A.C.O. en cuanto a su determinación de que procede la acción de saneamiento por evicción y la devolución del dinero por concepto del precio pagado a la señora Rodríguez Dilán. No obstante, revocamos el pronunciamiento de ambos foros en cuanto a la restitución recíproca de las prestaciones, pues por la propia naturaleza de la acción de saneamiento por evicción, no es procedente.



                                    Efraín E. Rivera Pérez
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marian J. Rodríguez Dilán

    Recurrida

       v.

                              AC-2004-33

Guacoso Auto Corp.

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 5 de diciembre de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, confirmamos al Tribunal de Apelaciones en cuanto a su denegatoria del auto solicitado y al D.A.C.O. en cuanto a su determinación de que procede la acción de saneamiento por evicción y la devolución del dinero por concepto del precio pagado a la señora Rodríguez Dilán. No obstante, revocamos el pronunciamiento de ambos foros en cuanto a la restitución recíproca de las prestaciones, pues por la propia naturaleza de la acción de saneamiento por evicción, no es procedente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta no intervino. La Jueza Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo