ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| RUBÉN GONZÁLEZ FLORES<br><br>QUERELLANTE-RECURRIDO<br><br>V.<br><br>MAPFRE-PUERTO RICO SEÑORIAL AUTOMOTIVE CORPORATION; VPH MOTORS CORP. H/N/C TRIANGLE DEALER DE PONCE<br><br>QUERELLADOS-PETICIONARIOS | TA2025RA00188 | *REVISIÓN DE DECISIONES ADMINISTRATIV A* procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.:<br>SAN-2024-0019381<br><br>Sobre:<br>Compra Venta de Vehículos de Motor |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Comparece ante nos, Señorial Automotive Corp.; (en adelante, "Señorial Automotive"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 30 de junio de 2025 y notificada el 1 de julio de 2025, por el Departamento de Asuntos del Consumidor (en lo sucesivo, por sus siglas, "DACO"). Mediante esta, el referido Departamento declaró *Ha Lugar* la *"Querella"* presentada por el señor Rubén González Flores (en lo sucesivo "el recurrido"). En consecuencia, resolvió la relación contractual de las partes y ordenó a Señorial Automotive, que en un plazo de treinta (30) días, devuelva al recurrido la cantidad de $51,000.00; más los intereses legales según correspondan; y a su vez le pague a éste la suma de $161.85, en concepto de daños por no facilitarle un vehículo de motor durante el proceso de reparación del automóvil objeto de litigio.

Por los fundamentos que expondremos a continuación, *confirmamos* la *"Resolución"* recurrida.

**I.**

El 9 de agosto de 2024, el recurrido instó ante DACO la *"Querella"* de epígrafe al amparo de la doctrina de vicios ocultos.[1] Relató, que el 12 de julio de 2024 adquirió de Señorial Auto Mitsubishi un vehículo de motor RAM 1500 por la cantidad de $51,000.00. Sin embargo, sostuvo que el referido vehículo comenzó a dar indicios de aparentes desperfectos mecánicos. Ante ello, aseveró que tres (3) días después de la compraventa se comunicó con el vendedor del Concesionario para informarle sobre dichos desperfectos. Posteriormente, visitó el aludido Concesionario. En dicha visita, según sus dichos, el gerente de ventas le comunicó que el automóvil no tenía garantía, y que debía trasladar el vehículo hasta las instalaciones de Triangle Dealer bajo su entera responsabilidad económica. Ante tales hechos, solicitó la resolución del contrato de compraventa y la devolución de la prestación pagada.

En la misma fecha, DACO avisó a Señorial Automotive de la *"Querella"* presentada. A través de dicha notificación, entre otras cosas, el aludido Departamento informó a Señorial Automotive que podía verificar los anejos de la querella en el expediente del caso; que próximamente le estaría notificando la fecha de celebración de la vista administrativa; que podía comparecer asistido de representación legal, intérprete o transcriptor de récord. Además, apercibió que le estaría imponiendo sanciones de no comparecer bajo la existencia de justa causa y que contaba con un término de veinte (20) días para contestar la *"Querella,"* so pena de anotación de rebeldía.

El 21 de agosto de 2024, Señorial Automotive presentó *"Contestación a querella."* En suma, negó las alegaciones principales contenidas en la reclamación. Levantó entre sus defensas, que existía una relación contractual que obligaba a las partes contratantes de conformidad a sus

---

[1] El 27 de marzo de 2025, el recurrido presentó *"Enmienda"* a la querella. A los efectos de incluir en su reclamación los gastos desembolsados en la reparación del vehículo de motor y en el alquiler de un automóvil por el término de nueve (9) meses. Así pues, el 29 de abril de 2025, se archivó en autos la *"Notificación de Enmienda."* **A través de la cual DACO concedió a Señorial Automotive un término de veinte (20) días para contestar la querella enmendada.**

términos y condiciones. El mismo día, la referida parte también presentó una "*Moción para Producción de Evidencia.*" A los fines de solicitar a DACO que emitiera una orden para que el recurrido notificare con antelación la prueba documental que habría de utilizar en la vista administrativa.

Así las cosas, surge del expediente ante nos, que el 10 de junio de 2025 se celebró la vista administrativa del presente caso sin la comparecencia de Señorial Automotive.[2] Tras su ocurrencia, el 1 de julio de 2025, DACO notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *Ha Lugar* la *"Querella"* presentada por el recurrido. En consecuencia, resolvió la relación contractual de las partes y ordenó a Señorial Automotive, que en un plazo de treinta (30) días, devuelva al recurrido la cantidad de $51,000.00; más los intereses legales según correspondan; y a su vez le pague a dicha parte la suma de $161.85, en concepto de daños por no facilitarle un vehículo de motor durante el proceso de reparación del automóvil objeto de litigio.

Es de notable pertinencia mencionar la relación fáctica atinente a la incomparecencia de Señorial Automotive a la vista administrativa del 10 de junio de 2025 y otros asuntos relacionados, de conformidad a lo expuesto por DACO en la referida *"Resolución."* La relación fáctica lee como sigue:

> La parte querellada, **Señorial Automotive Corp.** (en adelante el "Automotive") no compareció a la vista administrativa ni justificó su incomparecencia a pesar de haber sido debidamente citado. Es menester destacar que, previamente este Departamento citó a una Vista Administrativa para el 24 de abril de 2025. El 22 de abril de 2025 la representación legal de Automotive presentó *Solicitud de Vista mediante el Sistema de Videoconferencia* en la que informó que una situación con su hijo que [sic] le imposibilitaba atender el asunto de manera presencial. Siendo así, el 24 de abril de 2025 este Departamento declaró Ha Lugar la solicitud y se cambió la modalidad del señalamiento de manera virtual.

> Llegado el día del señalamiento, la parte querellante compareció de manera presencial toda vez que no contaba con los medios necesarios para la comparecencia de manera virtual. Este Departamento hizo los arreglos correspondientes para que las partes estuvieran debidamente conectadas y se facilitó el equipo a la parte querellante. A pesar de la solicitud de Automotive, solo compareció en representación Héctor Allende como gerente. Su representación legal nunca compareció ni justificó su [in]comparecencia. Siendo así, el señalamiento se convirtió en uno de estatus. Posteriormente el Querellante presentó una enmienda a

---

[2] En la misma fecha en que fue celebrada la vista administrativa, el representante legal de Señorial Automotive presentó una *"Solicitud de Vista mediante el Sistema de Videoconferencia."* Mediante esta, solicitó que se le permitiera comparecer a la vista a través de dicho sistema digital.

la querella y el 8 de mayo de 2025 este Departamento citó a un nuevo señalamiento para el 10 de junio de 2025 a la 1:30pm.

El 10 de junio de 2025 a las 9:40AM, Automotive presentó nuevamente *Solicitud de Vista mediante el Sistema de Videoconferencia* en la que solicitó comparecer mediante videoconferencia. Evaluada la moción la misma se declaró No Ha Lugar y se le indicó a la parte que la citación a vista administrativa mediante videoconferencia implicaba unas instrucciones adicionales que no podrían ser impartidas de manera diligente a todas las partes dada la cercanía de la solicitud. Se destacó que el señalamiento del pasado 24 de abril de 2025 se llevó a cabo mediante esta modalidad a petición de la representación legal de Automotive y esta nunca compareció ni justificó su incomparecencia. Siendo así se mantuvo el señalamiento del 10 de junio de 2025, a la 1:30PM en la Oficinal Regional del San Juan, Centro Gubernamental Minillas Ave. De Diego Pda. 22 Piso 7 San Juan, Puerto Rico.

Posteriormente, a las 12:42PM la representación legal de Automotive planteó que no pudo resolver sobre el cuido de su hijo menor de edad, y era imposible que compareciera. Por su parte, a pesar de Automotive nunca presentar una Contestación a la Querella, indicó mediante correo electrónico "[n]uestra posición es que el vehículo estaba en un dealer que no era el nuestro, nosotros cumplimos con el pago de las piezas a ser sustituidas pero el servicio lo ofreció un tercero." Es menester destacar, que a pesar de que este no indicó en su solicitud previa que estas eran sus razones, este Departamento reconoce y valora la responsabilidad que conlleva el cuidado de los hijos y respeta el rol de los padres en el bienestar de sus hijos. No obstante, no se acogió la justificación toda vez que previamente tomamos este asunto en consideración de manera diligente, y aun así incumplió con su comparecencia. Consideramos que no era justo ni razonable que el resto de las partes continuaran viéndose afectadas por circunstancias personales y previsibles, atribuibles exclusivamente a un de las partes, en menoscabo del debido proceso de ley y del buen funcionamiento del foro. A pesar de habérsele declaro no ha lugar la solicitud, Automotive no compareció. En consecuencia, se le anotó la rebeldía a Automotive de conformidad con lo dispuesto en la Sección 3.9 de la Ley de Procedimientos Administrativos Uniforme del Gobierno de Puerto Rico.

En desacuerdo con la *"Resolución"* de DACO, oportunamente el 18 de julio de 2025, Señorial Automotive presentó una *"Reconsideración."* La referida petición fue atendida por DACO y el 22 de julio de 2025 el aludido Departamento notificó otra *"Resolución,"* mediante la cual declaró *No Ha Lugar* dicha *"Reconsideración."*

Aun en desacuerdo, el 21 de agosto de 2025, Señorial Automotive presentó ante este Tribunal el recurso de revisión judicial de epígrafe. Mediante este, esbozó el siguiente señalamiento de error:

Erró la Honorable Agencia del Departamento de Asuntos al Consumidor, Sala de San Juan, al acoger la querella y resolver el contrato a pesar de que la parte querellada-apelante no pudo comparecer excepcionalmente, violentándose así su día en corte y el debido proceso de Ley.

Así las cosas, el 27 de agosto de 2025, esta Curia emitió una *"Resolución,"* a través de la cual le concedimos al recurrido el término reglamentario de treinta (30) días para presentar su alegato en oposición.

El recurrido no compareció ante este Tribunal en el término reglamentario. Solo recibimos la comparecencia de la también querellada VPH Sur LLC h/n/c Triangle Dealers de Ponce ("Triangle Dealers"), quien se opuso al recurso de revisión judicial presentado por Señorial Automotive.[3]

A continuación, se expondrá el marco jurídico aplicable a la controversia ante nuestra consideración.

**II.**

**A. Revisión Judicial y la Deferencia a las Decisiones Administrativas:**

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de las facultades delegadas por ley, cumplan con los mandatos constitucionales aplicables y asegura que los ciudadanos tengan un foro al cual recurrir para vindicar sus derechos. *Voilí Voilá Corp. et al v. Mun. Guaynabo,* 213 DPR 743, 753 (2024). En lo atinente, en el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias administrativas debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Otero Rivera v. USAA Fed. Savs. Bank* 214 DPR 473; *Asoc. Fcias. v. Caribe Specialty et al. II.,* 179 DPR 923, 940 (2010); véanse también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

Ahora bien, nuestro Tribunal Supremo ha reiterado que la deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *Pérez López v. Depto. Corrección*, 208 DPR 656, 673 (2022); *The Sembler Co. v. Mun. de Carolina*,

---

[3] Cabe señalar, que por medio de la *"Resolución"* objeto de revisión, DACO desestimó la causa de acción en contra de Triangle Dealers.

185 DPR 800, 822 (2012). En el escenario particular de las cuestiones de derecho, el Tribunal Supremo ha proferido las siguientes expresiones:

> Hoy hacemos eco a las palabras del foro federal y concluimos que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56.

Por otra parte, nuestro Más Alto Foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección, que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *OEG v. Martínez Giraud,* 210 DPR 79, 89 (2022); *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006); *véanse también*, *Otero v. Toyota*, supra; *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 DPR 521, 532 (1993).

**B.    Debido Proceso de Ley:**

El Art. II, Sec. 7 de la Constitución de Puerto Rico reconoce el derecho a un debido proceso de ley como garantía protectora de los intereses de libertad y propiedad. Const. ELA [Const. PR], LPRA Tomo I. La referida salvaguarda exige que el Estado realice un procedimiento justo y equitativo al momento de intervenir con el interés propietario de una persona. *Torres Rivera v. Policía de PR*, 196 DPR 606, 624 (2016). Ante un reclamo fundamentado en la vertiente procesal del debido proceso de ley, corresponde examinar si existe un interés que amerite protección. *Id.* De responder en la afirmativa, procede evaluar cuál es el procedimiento debido. *Id.*

Cabe señalar, que el Tribunal Supremo ha pronunciado en innumerables ocasiones que el derecho al debido proceso de ley no es un molde riguroso que se da en el abstracto, pues su naturaleza es eminentemente circunstancial y pragmática. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 894 (2007). Es decir, cada caso exige una

evaluación de las circunstancias envueltas. *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 DPR 521, 542 (1993); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 888 (1993). Además, es sabido que las exigencias de esta protección constitucional contra la privación irrazonable o arbitraria de los intereses de libertad o propiedad, es extensiva a las actuaciones de las agencias administrativas. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33.

En el ámbito del derecho administrativo, "la exigencia de que las agencias provean un debido proceso de ley no constituye una camisa de fuerza que prive a estos de dirigir a sus procesos de forma justa, práctica y flexible." *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan,* supra. Aun así, el procedimiento administrativo que se lleve a cabo debe basarse en los principios de justicia y equidad y en el respeto a la dignidad de los individuos afectados. *Id.* Así pues, de conformidad con la sección 3.1 de la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), en un procedimiento cuasi adjudicativo la agencia debe salvaguardar a las partes: el derecho a la notificación oportuna de los cargos o querellas o reclamos en contra de una parte; el derecho a presentar evidencia; el derecho a una adjudicación imparcial; y el derecho a que la decisión esté basada en el expediente. 3 LPRA sec. 9641.

## C.    Anotación de Rebeldía:

Nuestro ordenamiento procesal civil regula las anotaciones de rebeldía en los casos civiles que se ventilan ante el foro judicial. Sobre el particular, es permisible que el tribunal motu proprio o a solicitud de parte determine anotarle rebeldía a una parte que no ha comparecido a contestar la demanda o a defenderse como disponen las reglas. *Bco. Popular v. Andino Solís,* 192 DPR 172, 178-179 (2015). En nuestro sistema jurídico se reconocen dos (2) escenarios en lo que es de aplicabilidad la declaración de rebeldía: por incomparecencia y como mecanismo de sanción. *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023). En consonancia de lo anterior, se ha reconocido que una mera comparecencia no es suficiente

para evitar que una parte sea declarada en rebeldía. *Bco. Popular v. Andino Solís,* supra, pág. 179. Para evitar que proceda la anotación, las comparecencias de las partes deben llevarse a cabo con la intención de defenderse. *Id,* pág. 180. Por ejemplo, las mociones en solicitud de prórroga o sobre asumir la representación legal de una parte, por sí solas, son insuficientes para impedir una anotación de rebeldía. *Id.*

El propósito de la anotación de rebeldía es disuadir a la parte que opte por dilatar los procedimientos como estrategia de litigación. *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1069 (2019). Así pues, la anotación de rebeldía "opera como remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse." *Id.* Las anotaciones de rebeldía tienen el efecto de que se estimen ciertas y aceptadas cada una de materias bien alegadas en la demanda. *Mitsubishi Motor v. Lunor y otros,* supra, pág. 825. Por materias bien alegadas se entienden todos aquellos hechos correctamente alegados, de los que surjan los elementos de la causa de acción y la procedencia del remedio solicitado, según el juicio evaluativo del tribunal. *Id.*

En lo aquí concerniente, la sección 3.10 de la LPAU delega a las agencias administrativas la facultad de declarar en rebeldía a una parte por razón de su incomparecencia. La precitada sección establece lo siguiente:

> Si una parte debidamente citada no comparece a la conferencia con antelación a la vista, o a cualquier otra etapa durante el procedimiento adjudicativo el funcionario que presida la misma podrá declararla en rebeldía y continuar el procedimiento sin su participación, pero notificará por escrito a dicha parte su determinación, los fundamentos para la misma y el recurso de revisión disponible. 3 LPRA sec. 9650.

Cónsono con lo anterior, la Regla 20.2 del Reglamento de Procedimientos Adjudicativos del DACO, Reglamento Núm. 8034 del 14 de junio de 2011, establece lo siguiente con relación a las órdenes que el Departamento puede emitir en los casos en que una parte deje de comparecer a las vistas administrativas:

> El Departamento fijará la fecha y la notificará por escrito a las partes que será no antes de quince (15) días de dicha notificación, a menos que las partes pacten otra fecha, con la anuencia del Juez u Oficial

Administrativo, Secretario o Panel de Jueces que presida los procedimientos. Se le apercibirá al querellante que si no comparece a la vista, el Departamento podrá ordenar la desestimación y archivo de la querella por abandono. **Si el querellado no comparece se podrán eliminar sus alegaciones. El Departamento podrá también condenar al pago de honorarios de abogado o dictar cualquier otra orden que en Derecho proceda.** (Énfasis suplido).

## D. Contrato de Compraventa y la Doctrina de Vicios Ocultos:

El Artículo 1230 del Código Civil de 2020, Ley Núm. 55-2020, 31 LPRA sec. 9751, define el contrato como "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Así pues, "[l]o acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. 31 LPRA sec. 9754.

En lo pertinente a la controversia, el Artículo 1274 de la referida ley, dispone que el contrato de compraventa es aquel en el cual la parte vendedora se obliga a transferir a la parte compradora el dominio de un bien, y esta, a su vez, se obliga a pagarle un precio cierto. 31 LPRA sec. 9941. En este tipo de contrato el vendedor está obligado a la entrega y al saneamiento de la cosa vendida. *Rodríguez v. Guacoso Auto*, 166 DPR 433, 439 (2005). Le corresponde en estos casos al vendedor acatar las siguientes obligaciones, de conformidad al Artículo 1261 del Código Civil ("Obligación de Saneamiento"):

> **La persona que transmite un bien a título oneroso responde por evicción y por los defectos ocultos del bien aunque lo ignorase.**
>
> Igual obligación se deben entre sí quienes dividen bienes comunes.
>
> **La persona obligada responde ante el adquirente y quienes lo sucedan en el derecho por cualquier causa y título**.
> (Énfasis Suplido).
> 31 LPRA sec. 9851.

Nótese, que el saneamiento por vicios ocultos contempla aquellas situaciones en las que posterior a la entrega se evidencian defectos intrínsecos que exceden las imperfecciones menores que cabe esperar normalmente en un producto determinado. *Polanco v. Cacique Motors*, 165 DPR 156, 166 (2005). La resolución total solo procede si la evicción o el defecto recaen sobre un aspecto determinante para la adquisición del bien a tenor del Artículo 1263 del Código Civil, *supra*, 31 LPRA sec. 9853. Para

que se perfeccione la acción por vicios redhibitorios, es necesario que los defectos excedan las imperfecciones menores que cabe esperar normalmente en un producto determinado, pero no es necesario que dichos defectos imposibiliten el uso de la cosa vendida, siempre que mermen notablemente su valor. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008). A esos fines, el Artículo 1267 del Código Civil, *supra*, conceptualiza el vicio redhibitorio de la siguiente manera:

> Es vicio redhibitorio el defecto oculto en el bien transmitido a título oneroso, existente al tiempo de la adquisición, que hace impropio al bien para su destino o disminuye de tal modo su utilidad que, de haberlo conocido, el adquirente no lo habría adquirido o habría dado menos por él. También se considera vicio redhibitorio:
>
> (a) aquel especialmente acordado como tal por las partes,
> (b) aquel que el transmitente garantiza que no existe, y
> (c) la ausencia de la calidad convenida.
>
> El transmitente responde aunque ignore la existencia del vicio redhibitorio. 31 LPRA sec. 9871.

Para que la parte reclamante prevalezca en su petición de saneamiento por vicios ocultos han de coexistir los siguientes requisitos:

> (1) no deben ser conocidos por el adquirente; (2) el defecto debe ser grave o suficientemente importante para hacer la cosa impropia para el uso a que se le destina o que disminuya de tal modo este uso que, de haberlo conocido el comprador, no la habría comprado o habría dado menos precio por ella; (3) que sea preexistente a la venta, y (4) que se ejercite la acción en el plazo legal, que es el de seis meses contados desde la entrega de la cosa vendida. *García Reyes v. Cruz Auto Corp.*, *supra*, págs., 890-891.

En tal contexto, "el comprador no perito solo está obligado a demostrar que al momento de la compraventa el automóvil funcionaba normalmente, y que el vendedor no quiso o no pudo corregir el defecto a pesar de haber tenido la oportunidad de hacerlo". *Polanco v. Cacique Motors*, *supra*, pág. 168. Así pues, solamente le compete probar que el automóvil que compró no funcionaba en forma normal y que el vendedor tuvo oportunidad de corregir los defectos y no pudo o no los corrigió. *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 891.

Además, es menester destacar, la siguiente expresión de nuestro mas Alto Foro:

> [L]a apreciación de la importancia del defecto, para resolver la procedencia de la acción redhibitoria, es esencialmente una cuestión de hecho, justificándose, por lo tanto, nuestra intervención con la discreción del juzgador sólo en aquellos casos que acusen una

ausencia de prueba adecuada o la comisión de error manifiesto en su apreciación. *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 891.

**III.**

Señorial Automotive recurre ante este Foro al amparo de dos (2) planteamientos principales: (1) la impugnación del remedio concedido a través de la *"Resolución"* que hoy se revisa y (2) en virtud de la cláusula constitucional del debido proceso de ley, por entender que sus derechos procesales fueron violentados. Sobre el primer planteamiento, aduce que las determinaciones de hecho esbozadas por DACO no se basan en evidencia sustancial; que el recurrido no presentó documentación alguna en apoyo a su posición; y que el alegado desperfecto del automóvil es un componente accesorio y no incide sobre el uso adecuado del mismo acorde a su naturaleza.

Sobre el segundo planteamiento, sostiene que DACO violentó sus derechos procesales al celebrar una vista administrativa sin su comparecencia. Sobre esto, argumenta que el día de la vista advino en conocimiento de su imposibilidad de asistir al señalamiento, por lo que solicitó infructuosamente que la vista se celebrara por el mecanismo de la videoconferencia. Añadió, que ha mostrado diligencia durante el procedimiento administrativo, dado que presentó una *"Contestación a querella;* una "*Moción para Producción de Evidencia;"* y compareció a vistas previas. Ante ello, entiende que la celebración de la vista administrativa sin su comparecencia es una drástica sanción que amerita la revocación del dictamen en su contra y exige la celebración de una nueva vista final mediante la cual se salvaguarden todos sus derechos procesales.

Por su parte, Triangle Dealers, quien también fue parte querellada en el procedimiento administrativo, presentó oposición a los planteamientos de Señorial Automotive. Argumenta, que en esta controversia fungió como la tercera persona que custodió y reparó partes del vehículo en cuestión. Sobre las reparaciones del vehículo, aduce que éstas no fueron concluidas por falta de autorización de Señorial Automotive, quien optó por esperar a la

determinación final de DACO para decidir si llevarse el automóvil o autorizar las restantes reparaciones.

En cuanto a las alegadas violaciones procesales, sostuvo que DACO cumplió con las exigencias del debido proceso de ley. Sobre el particular, arguye que DACO citó adecuadamente a Señorial Automotive en las dos (2) ocasiones en que se celebraron vistas administrativas. Sin embargo, asevera que la primera vista tuvo que se convertida a una de estatus por la incomparecencia del abogado de Señorial Automotive y la segunda, se tuvo que celebrar sin la presencia de dicha parte, por ésta no asistir a la misma. Además, sostiene que Señorial Automotive no cumplió con el Reglamento de Procedimientos Adjudicativos de DACO, *supra,* al momento de solicitar la transferencia de la última vista administrativa. A su vez, alega que la referida parte tampoco contestó la querella enmendada.

Tras examinar la totalidad del expediente ante nuestra consideración, concluimos *confirmar* la decisión administrativa que hoy se nos solicita revisar. Los fundamentos que motivan nuestra determinación adjudicativa se exponen a continuación.

Sabido es que los foros judiciales debemos conceder gran deferencia a las determinaciones emitidas por las agencias administrativas debido a su conocimiento experto en los asuntos que les fueron delegados a través de sus respectivas leyes habilitadoras. A su vez, las determinaciones fácticas de las referidas agencias gozan de una presunción de regularidad y corrección. Tomando en consideración lo anterior, los planteamientos levantados por Señorial Automotive no logran demostrar que DACO haya actuado arbitraria, irrazonable o ilegalmente. Tampoco están acompañados de prueba suficiente para derrotar la antes mencionada presunción de corrección.

Es preciso señalar, que la *"Resolución"* objeto de revisión es una bien fundamentada en cuanto a la decisión procesal emitida y con relación al remedio final concedido al recurrido. De los razonamientos fácticos esbozados por DACO y del expediente ante nuestra consideración, no surge

que Señorial Automotive haya contestado la querella enmendada, a pesar de habérsele requerido en virtud de la *"Notificación de Enmienda"* del 29 de abril de 2025. De igual modo, surge del expediente revisado que el primer señalamiento de vista administrativa se tuvo que convertir en uno de estatus. Esto, debido a la ausencia del representante legal de Señorial Automotive, quien no compareció al señalamiento, a pesar de que dos (2) días antes de la vista solicitó que la misma fuera celebrada por el mecanismo de videoconferencia, petición que DACO le concedió. Asimismo, surge de la *"Resolución"* recurrida, que Señorial Automotive no compareció por abogado o por representante autorizado al nuevo señalamiento de vista del 10 de junio de 2025. Además, se desprende del expediente, que la representación legal de dicha parte peticionó nuevamente y a destiempo - el mismo día de la vista - que ésta fuera celebrada por videoconferencia.

Es menester destacar, que el 9 de agosto de 2024, DACO notificó a Señorial Automotive la primera *"Querella;"* los derechos que le asistían durante el proceso; y las sanciones que se le habrían de imponer por incomparecencia no justificada y por no presentar alegación responsiva. Así pues, tanto la incomparecencia de Señorial Automotive a la vista del 10 de junio de 2025; como la dilación de los procedimientos administrativos debido a la conversión a estatus de la vista del 24 de abril de 2025; y la falta de contestación a la querella enmendada, evidencian razones suficientes para la anotación de rebeldía. Por consiguiente, no fue violentado el debido proceso de ley de Señorial Automotive.

Nótese, que en virtud de la sección 3.10 de la LPAU, *supra*, DACO y el resto de las agencias administrativas están facultadas para declarar a una parte en rebeldía. Además, obsérvese que los procedimientos adjudicativos de las agencias son de naturaleza expedita en comparación a los trámites judiciales. Por lo cual, no es acorde con su naturaleza que se susciten dilaciones que obstaculicen la debida culminación de los procesos.

Atendidas las anteriores consideraciones procesales, pasemos a examinar los méritos del remedio concedido. De entrada y de conformidad

al expuesto marco jurídico, una anotación de rebeldía tiene el efecto de que se estimen ciertas y aceptadas las materias bien alegadas en la reclamación instada. En este caso, a tenor de un criterio de evaluación adecuadamente fundamentado; de las alegaciones del recurrido y de la evidencia documental y testimonial presentada, DACO determinó la procedencia del remedio peticionado por el recurrido. En este contexto, la adjudicación del caso no se efectuó en el vacío o fuera de prueba alguna. El referido Departamento tuvo ante sí prueba documental y la presencia del recurrido, Triangle Dealers y de Mapfre Praico Insurance Company, quienes tuvieron la oportunidad de exponer sus respectivas posturas. Además, concedemos deferencia a las determinaciones de hechos acogidas por DACO al momento de ejercer su facultad adjudicativa.

Por otro lado, según nuestro ordenamiento jurídico civil, los vendedores de determinado bien están obligados al saneamiento de la cosa vendida. De manera que, un transmitente responde por los vicios ocultos del bien enajenado en los escenarios en que la transmisión de éste haya sido a título oneroso. En este caso, DACO razonó que el automóvil del recurrido tenía defectos esenciales, descubiertos a pocos días del perfeccionamiento de la compraventa, los cuales Señorial Automotive no reparó en su totalidad. Es preciso señalar, que la importancia del defecto es una cuestión de hecho que queda a la discreción del juzgador – en este caso DACO – con la cual no intervendremos en la presente controversia por no tratarse de un error manifiesto. Véase, *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 891. Asimismo, como cuestión de derecho, nuestro Código Civil permite la resolución total de la obligación pactada en los casos en que el defecto sea determinante. En vista de dichas consideraciones, los remedios concedidos por DACO son adecuados.

De otra parte, cabe mencionar, que no es meritorio que Señorial Automotive levante ante este Tribunal argumentos y defensa contractuales que bien pudo exponer ante DACO, pero a los cuales voluntariamente

renunció al no presentar contestación a la demanda enmendada y al no comparecer a la vista del 10 de junio de 2025.

Ante tales fundamentos, *confirmamos* la *"Resolución"* recurrida.

**IV.**

Por los fundamentos expuestos, confirmamos la *"Resolución"* objeto de revisión.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones